## No. 804

### First Circuit

---

### CRAWFORD v. KENTWOOD

---

(June 7, 1927. Opinion and Decree.)

---

(*Syllabus by the Editor.*)

1. **Louisiana Digest—Municipalities—Par. 57.—Office and Officers—Par. 50.**

Under Section 15, Act 136, of 1898, as amended by Act 231 of 1924, town councils have the right to "fix the compensation of all officers and employees," which includes the town marshal.

2. **Louisiana Digest—Municipalities—Par. 57.—Office and Officers—Par. 50.**

The promulgation of resolutions of councils provided by Section 33 of Act 136 of 1898 has no application to the fixing of compensation of officers and employees.

Appeal from the District Court, Parish of Tangipahoa. Hon. Columbus Reid, Judge.

Action by J. S. Crawford against Town of Kentwood.

There was judgment for defendant plaintiff appealed.

Judgment reversed.

A. L. Ponder, Sr., of Amite, attorney for plaintiff, appellant.

S. S. Reid, of Amite, attorney for defendant, appellee.

ELLIOTT, J. The town council of the town of Kentwood, reduced the salary of the town marshal. He sued the town to recover the amount which he claimed was due him.

J. S. Crawford, town marshal of Kentwood, alleges that at the time he was elected, that the salary of the marshal was $95.00 per month. That the town council agreed to pay him the further sum of $15.00 a month for collecting water rents, making a total of $110.00. That the mayor and clerk of the town council signed a warrant in his favor for said amount for the month of October, 1925, but the town treasurer refused to pay him. He brought suit to recover the amount of the warrant.

The mayor appeared in his own proper person and for answer to plaintiff's demand, admitted every article of his petition as true. But the town apeared through its council and set aside the answer of the mayor, as unauthorized and for answer on the part of the town alleged the reduction of plaintiff's salary from $95.00 to $65.00 a month; admitted that plaintiff was due. $15.00 for collecting water rents, but the demand of the plaintiff in excess of $65.00 on account of salary and $15.00 for collecting water rent, a total of $80.00, was not due. The case was submitted to the lower court on a statement of facts. The lower court, acting thereon rejected plaintiff's demand entirely. The plaintiff appealed.

The law, Act 136 of 1898, Section 15 (Amd. Act 231 of 1924), paragraph 15,

gives the towns the right, "To prescribe the duties and fix the compensation of all officers and employees," etc. The statement of facts shows that the salary of the marshal was fixed in 1922 at $95.00 per month. This was in effect at the time plaintiff was elected. But the present town council by resolution adopted September 1, 1925, reduced his salary to $65.00 per month, effective October 1, 1925. The town council had the power to do that and having done so, plaintiff's salary for October, 1925, was $65.00.

He contends that the resolution was not effective on October 1, 1925, for the reason that it does not appear to have been promulgated as required by Section 33 of the act. The statement of facts on which the case is before us, does not mention want of promulgation as a fact on which the court might act in deciding the case, and we cannot take cognizance of the matter, as if it had been passed by the State Legislature. Promulgation of such a resolution was not necessary and it matters not if it was not done. Section 33 of the act in question provides, "The ordinances to be so recorded are those which are in their nature laws of the municipalities and not mere orders or decrees, temporary in their nature." The resolution in question is of temporary nature and promulgation was not necessary.

Plaintiff further contends that the reduction in effect deprives him of his office and that such a method of ousting him from office is not authorized by the law. The resolution cannot be looked on as so far reaching as that without evidence. to that effect.

The plaintiff's demand should have been allowed to the extent of $80.00 with interest in conformity with defendant's answer and the established facts. For these reasons the judgment appealed from is annulled, avoided and set aside and judgment is now rendered in favor of the plaintiff, J. S. Crawford, and against the town of Kentwood for $80.00 with legal interest thereon from November 1, 1925, until paid. Defendant and appellee to pay the cost in both courts.